UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONTGOMERY BANK, N.A.,

    Plaintiff,

v.                                                Case No: 2:17-cv-295-FtM-99CM

MARIANITO O. ASPERILLA, W.
M. MARSH, LINDA SUE MARSH,
A & M GROVES, EMERALD
GROVES, INC. and IBERIABANK,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Substitute Party Plaintiff (Doc. 26) filed on July 7, 2017. Plaintiff seeks to substitute Marsh Groves of Desoto County, LLC ("Marsh Groves") as a plaintiff in this matter pursuant to Rule 25(c) of the Federal Rules of Civil Procedure. Doc. 26. Plaintiff alleges that after it initiated this lawsuit to foreclose a mortgage lien on real property on May 31, 2017, it assigned all of its right, tittle, and interest in the subject mortgage to Marsh Groves. *Id.* at 1; Doc. 1 ¶ 1. Defendants W.M. Marsh, Linda Sue Marsh, A&M Groves and Emerald Groves, Inc. consent to the requested relief. Doc. 26 at 2. Defendants IberiaBank and Marianito O. Asperilla have not responded to the present motion, and their time to do so has expired. Their non-response to the present motion creates a presumption that the motion is unopposed. *Great Am. Assur. Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *3 (M.D. Fla. Jan. 23, 2012).

Rule 25 allows substitution of parties when a transfer of interest occurs after litigation begins. Fed. R. Civ. P. 25(c); *Andrews v. Lakeshore Rehab. Hosp.*, 140 F.3d 1405, 1407 (11th Cir. 1998). Whether to allow substitution under Rule 25(c) is within the court's discretion. *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 610 (11th Cir. 1984). Substitution under Rule 25(c) is "procedural only and does not affect the substantive rights of the parties which are determined by state law." *In re Covington Grain Co., Inc.*, 638 F.2d 1357, 1361 (5th Cir. 1981).[1]

Here, the Court finds appropriate the substitution of Marsh Groves as the party plaintiff because Plaintiff assigned all of its rights, title and interest in the mortgages and notes at issue to Marsh Groves. Doc. 26 at 1; *see Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable Se. LLC*, No. 3:13-cv-306-J-34JRK, 2014 WL 1268584, at *3 (M.D. Fla. Mar. 27, 2014) ("A legal assignment transfers all the interests and rights to the thing assigned, and permits the assignee to stand in the assignor's shoes and 'enforce the contract against the original obligor or in his own name.'"). Furthermore, the requested substitution will not disrupt the administration of this case because it is at its early stage, and Defendants do not oppose the requested relief. *See Protective Life Ins. Corp. v. Betts*, No. 8:16-cv-1292-T-JSS, 2017 WL 1376182, at *3 (M.D. Fla. Apr. 17, 2017).

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207, 1209 (11th Cir.)(en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Plaintiff's Motion to Substitute Party Plaintiff (Doc. 26) is **GRANTED**.

2.   Marsh Groves of Desoto County, LLC is **SUBSTITUTED as the party plaintiff** in this case.

3.   Marsh Groves of Desoto County, LLC shall have up to and including **August 8, 2017** to file an amended complaint.

3.   The Clerk of Court is directed to edit the docket to reflect that Marsh Groves of Desoto County, LLC is Plaintiff.  The caption of all future filings in this case also should so reflect.

**DONE** and **ORDERED** in Fort Myers, Florida on this 25th day of July, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record